IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BERNARD SMITH**, K96675, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 230 |
| ) | |
| **CITY OF CHICAGO**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pro se plaintiff Bernard Smith ("Smith") has filed what he captions as a "Civil Rights Complaint Pursuant To 42 U.S.C. § 1983," brought against the City of Chicago, its former Chicago Police Department Superintendent Gary McCarthy and "Three Unknown Police Officers" for the alleged violation of his constitutional rights nearly two years ago (on or about March 8, 2015). Because Smith is now in custody at Lawrence Correctional Center ("Lawrence") and has not paid the filing fee in advance, the provisions of 28 U.S.C. § 1915 ("Section 1915") must be called into play for Smith to come through the door of this District Court in the figurative sense.

Accordingly this Court is transmitting to Smith, together with a copy of this memorandum order, three counterparts of each of two Clerk's-Office-supplied documents: an In Forma Pauperis Application ("Application") and, if he wishes to seek the assistance of a member of this District Court trial bar in pursuing his lawsuit, a Motion for Attorney Representation ("Motion"). Smith is ordered to complete the Application and, if he wishes, the Motion and to transmit two counterparts of the document or documents to this District Court, one to be mailed to the Clerk's Office:

>Office of the Clerk
>219 South Dearborn Street
>20th Floor
>Chicago, IL 60604.

and the other to be mailed to this Court's chambers:

>Honorable Milton I. Shadur
>United States District Court
>219 South Dearborn Street
>Suite 2388
>Chicago, IL 60604.

In conjunction with the Application, Section 1915(a)(2) requires that Smith "submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint" (for that purpose the "mailbox rule" prescribed by <u>Houston v. Lack</u>, 487 U.S. 266 (1988) calls for the statement or statements to cover the period from July 1, 2016 through January 9, 2017, and if Smith was in custody at any jail or prison in addition to Lawrence during that time frame, the statement or statements must be obtained from each institution). That submission will enable this Court to make the required Section 1915 calculation, so that an order can be entered granting the Application and providing that Smith is to pay the $350 filing fee on an installment basis.

As for the Motion, it is essential for Smith to fill in the answer to paragraph 2 of the form by stating the effort he has made to obtain counsel on his own (a requirement imposed by our Court of Appeals before this Court can entertain such a Motion). Assuming, as this Court does for the present, that the Application also discloses Smith's financial inability to pay for the assistance of counsel, this Court can then entertain the Motion.

When the matters covered by this memorandum order have addressed by Smith, this Court can carry out its responsibilities as stated above, and this action will be allowed to proceed

in the regular course. But if Smith has not complied with this memorandum order in time for this Court to have received its copy of the document or documents referred to here on or before January 27, 2017, it will be constrained to dismiss both the Complaint and this action because of Smith's failure to have made the appropriate arrangements for payment of the filing fee.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 13, 2017