# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BERNARD SMITH**, K96675, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17 C 230 |
| **CITY OF CHICAGO**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In response to this Court's January 13, 2017 memorandum order ("Order") that brought to the attention of pro se prisoner plaintiff Bernard Smith ("Smith") certain of the deficiencies in his submissions in conjunction with his self-prepared Complaint against the City of Chicago, its former Chicago Police Department Superintendent Garry McCarthy and "Three Unknown Police Officers" -- matters that needed to be taken care of before Smith might be enabled to proceed with his claim -- Smith has filed a hand-printed request for an extension of time beyond the early date specified in the Order.[1] Because it is understandable that nonlawyer Smith would be unaware that only a modest effort on his part to obtain counsel on his own is needed to satisfy

---

[1] As was the case with Smith's Complaint, he has sent only the original of the current request to the Clerk's Office, a practice that makes dealing with his case unnecessarily difficult -- in this instance it was only a reference from one of this District Court's able staff attorneys assigned to prisoner litigation that brought Smith's communication to this Court's attention. Smith is notified that all future filings must be made in duplicate, with one of the two counterparts directed to the Clerk's Office and the other to this Court's chambers:

Office of the Clerk                    Honorable Milton Shadur
United States District Court      United States District Court
219 So. Dearborn St., 20th Fl.    219 So. Dearborn St., Suite 2388
Chicago, IL 60604.                  Chicago, IL 60604.

our Court of Appeals' requirement in that respect, it is also understandable that his request for a 45-day extension is unintentionally not reasonable.

This Court of course recognizes the difficulties that stand in the way of a meaningful search by Smith on that score, for it would be a rare prisoner who would have the financial ability to retain counsel, in addition to which a prisoner's custodial status prevents in-person efforts to hire a lawyer. But as already indicated, the requirement referred to in the Order is not overly demanding, requiring only some good faith effort to seek counsel. Although this Court cannot appropriately make individual efforts to assist a prisoner plaintiff with that problem, it has learned of the existence of an organization that seeks to assist (without charge) pro se litigants who may qualify for in forma pauperis status -- its acronym is CARPLS, and it lists its free legal aid hotline telephone number as 312-738-9200. If Smith were to communicate with that organization and find himself unsuccessful in the effort to obtain counsel, that would appear to satisfy the obligation imposed by our Court of Appeals.

As for the requirement of 28 U.S.C. § 1915 that Smith must provide a printout or printouts showing all transactions in his trust fund account (whether at Lawrence Correctional Center or at any other custodial institution) for the period from July 1, 2016 through January 9, 2017, there is no reason in the world that he cannot make immediate efforts to obtain that information (if he has not already done so). No meaningful explanation is called for in that respect.

Accordingly Smith's request for an extension of time in Dkt. No. 4 is granted in limited part only. With the original proposed deadline of January 27, 2017 having passed (Smith's request was not received in the Clerk's Office until that very day), this Court will allow him three weeks from today (until February 24) to comply with the Order -- and it once again sends him

three copies of each of the two Clerk's-Office-supplied forms involved, so that he can complete and return two counterparts of each as stated in n.1. As indicated in the Order's last sentence, any failure on his part to comply with the provisions of this memorandum order will likely call for the dismissal of both his Complaint and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 3, 2017